**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------X
KHALED HACHEMI, RUBEN GONZALEZ,
JUAN ELIAS MERCEDES, and KARIM EBDELLI,          Case No.:


                              Plaintiffs,

                                                 **COMPLAINT**

        -against-
                                                 **JURY TRIAL DEMANDED**


RESTAUREX AMERICORP INC., RESTAUREX
DEVELOPMENTS INC., PAUL SARLIS, ABDOU
HOSSNY, and RICHARD KOPRIVNJAK,
*personally, and individually,*

                              Defendants.
-------------------------------------------------------------------------X

        Plaintiffs Khaled Hachemi ("Hachemi"), Ruben Gonzalez ("Gonzalez"), Juan Elias Mercedes

("Mercedes"), and Karim Ebdelli ("Ebdelli") (collectively, the "Plaintiffs"), through their attorneys,

Emre Polat, PLLC, allege against Restaurex Americorp Inc., ("Restaurex Americorp), Restaurex

Developments, Inc. ("Restaurex Developments") (collectively "Restaurex Defendants"), Paul Sarlis

("Sarlis"), Abdou Hossny ("Hossny"), and Richard Koprivnjak ("Koprivnjak") (collectively, the

"Defendants") as follows:

## NATURE OF THE CLAIMS

1.      This case arises out of the Defendants' willful and systemic wage violations, including

        misclassification of Plaintiffs as independent contractors, resulting in deliberate underpayment

        of wages to Plaintiffs in violation of the federal and state wage laws.

2.      This case also concerns unlawful discrimination on the basis of the Plaintiffs' alienage and

        citizenship status in violation of the New York City Human Rights Law, N.Y. City

        Administrative Code 8-101 et seq.

3.      Restaurex Defendants own and operate multiple quick-service restaurant locations in New York and Connecticut.

4.      Plaintiffs are former employees of the Subway restaurant ("Subway") located at 2508 Broadway, New York, New York 10025, one of the entities owned and operated by Restaurex Defendants.

5.      Plaintiffs were all non-exempt employees providing non-exempt services such as preparing sandwiches for customers, taking customer orders, making deliveries, cleaning and mopping the restaurant and bathrooms, and stocking supplies.

6.      Defendants exerted significant and substantial control over the performance of duties of the Plaintiffs such that they are "employees" of the Defendants, rather than independent contractors.

7.      Yet, Defendants intentionally misclassified Plaintiffs as independent contractors and wholly denied Plaintiffs wages under the RU and the New York Labor Law ("NYLL") §§ 650 *et seq*.

8.      Plaintiffs allege that Defendants willfully violated the FLSA and NYLL by (i) failing to pay the minimum wage, (ii) failing to pay overtime premium pay; (iii) failing to provide meal breaks (iv) failing to pay spread-of-hour pay (v) failing to provide the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law §195.1, and (vi) failing to provide an accurate wage statement under N.Y. Lab. Law §195.3.

9.      Furthermore, due to the misclassification as independent contractors of the Plaintiffs, Restaurex Defendants shifted its Federal payroll tax burden onto each employee, requiring said employees to pay taxes as though they were self-employed.

10.     As such, Restaurex Defendants gained an unjust economic benefit and was unjustly enriched in violation of the New York State common law.

11.     In addition, Defendants filed fraudulent tax withholdings to the Internal Revenue Service

("IRS") by compensating employees entirely in cash and without withholding proper Federal and State tax, social security, FICA, and employee withholding deductions. Accordingly, Plaintiffs bring this action pursuant to Internal Revenue Code 26 U.S.C. § 7434 for relief, damages, fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the IRS.

12. Upon Plaintiffs complaining of their misclassification, failure to pay proper wages, discrimination based on their alienage and citizenship status, Defendants terminated all Plaintiffs in retaliation, while retaining only employees of U.S. Citizenship.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiffs' rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiffs' related claims under New York state law.

14. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

15. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

16. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## PARTIES

### Plaintiffs

17.     Plaintiff Hachemi is an individual residing in Queens County, New York.

18.     At all times relevant, Plaintiff was employed by Defendants as a non-exempt employee.

19.     Plaintiff Gonzalez is an individual residing in Queens County, New York.

20.     At all times relevant, Plaintiff Gonzalez was employed by Defendants as a non-exempt employee.

21.     Plaintiff Mercedes is an individual residing in New York County, New York.

22.     At all times relevant, Plaintiff Mercedes was employed by Defendants as a non-exempt employee.

23.     Plaintiff Ebdelli is an individual residing in Bronx County, New York.

24.     At all times relevant, Plaintiff Ebdelli was employed by Defendants as a non-exempt employee.

### Defendants

25.     Defendant Restaurex Developments was and is a domestic for-profit corporation organized under the laws of the State of Delaware, with a principal place of business at 750 East Main Street, Suite 810, Stamford, Connecticut 06902.

26.     At all times relevant to this action, Defendant Restaurex Developments has been a business or enterprise engaged in interstate commerce within the meaning of the FLSA in that it has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person and had an annual gross volume of sales not less than $500,000.00.

27.     Defendant Restaurex Americorp was and is a domestic for-profit corporation organized under the laws of the State of New York, with a principal place of business at 2508 Broadway, New York, New York 10025.

28.     At all times relevant to this action, Defendant Restaurex Americorp has been a business or enterprise engaged in interstate commerce within the meaning of the FLSA in that it has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person and had an annual gross volume of sales not less than $500,000.00.

29.     That at all times relevant, Restaurex Defendants operate as a single integrated enterprise. Specifically, Restaurex Defendants are engaged in related activities, share common membership and have a common business purpose, including owning and operating the Subway locations in New York at 2508 Broadway and at Rego Park, New York.

30.     Upon information and belief, Restaurex Defendants purchased the Subway located at 2508 Broadway, New York, New York 10025 in or around July 2019.

31.     Subsequent to its purchase of the Subway, Defendant Restaurex kept and maintained the same restaurant name, "Subway", the same menu, the same décor, same employees, same management, and the same unlawful employment and wage policies and practices.

32.     After purchase, Restaurex Defendants continued to operate the Subway at the same location seamlessly.

33.     Restaurex Defendants kept and employed the same employees who worked at the Subway under its previous ownership.

34.     Restaurex Defendants utilized the same management personnel as Subway's prior ownership.

35.     Restaurex Defendants kept the same menu utilized by Subway under previous ownership.

36.     Restaurex Defendants maintained the same unlawful employment practices of failing to compensate employees the minimum wage and overtime premiums.

37.     That at all times relevant, Restaurex Defendants were successors and knew of the unlawful employment practices as they maintained the same unlawful pay practices in violation of the

5

Federal and State employment laws for over a year after the purchase.

38.   Upon information and belief, Defendant Abdou Hossny, was and is a resident of the State of New York.

39.   Defendant Abdou Hossny was the manager at the Subway located at 2508 Broadway, New York, New York 10025, in which Plaintiffs were employed.

40.   At all times, Plaintiffs could complain to Defendant Abdou Hossny directly regarding any of the terms of their employment, and Defendant Abdou Hossny would have the authority to effect any changes to the quality and terms of any Plaintiff's employment.

41.   Defendant Abdou Hossny exercised control over the employment terms and conditions of Plaintiffs and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs.

42.   Upon information and belief, Defendant Richard Koprivnjak was and is a resident of the State of Connecticut.

43.   Defendant Richard Koprivnjak is the Vice President of Operations at Restaurex Defendants, and regularly controlled the day-to-day operations of the Subway in which Plaintiffs were all employed.

44.   At all times, Plaintiffs could complain to Defendant Richard Koprivnjak directly regarding any of the terms of their employment, and Koprivnjak would have the authority to effect any changes to the quality and terms of any Plaintiff's employment.

45.   Defendant Richard Koprivnjak, exercised control over the employment terms and conditions of Plaintiffs and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs.

46.     Upon information and belief, Defendant Paul Sarlis was and is a resident of Southport, Connecticut.

47.     Defendant Paul Sarlis is the Vice President at Restaurex Defendants, and regularly controlled the day-to-day operations of the Subway in which Plaintiffs were all employed.

48.     At all times, Plaintiffs could complain to Defendant Paul Sarlis directly regarding any of the terms of their employment, and Defendant Sarlis would have the authority to effect any changes to the quality and terms of any Plaintiff's employment.

49.     Defendant Paul Sarlis exercised control over the employment terms and conditions of Plaintiffs and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules, and (iv) otherwise affect the quality of employment of Plaintiffs.

50.     Restaurex Defendants, through its Vice President, Defendant Paul Sarlis, Vice President of Operations, Defendant Richard Koprivnjak, and Manager, Defendant Abdou Hossny, exercised functional control over the business and financial operations of employees, including payments of wages, cash wages, recording hours, tax withholdings, wage notices, and adhering to Federal and State regulations for employment practices and compensation.

51.     At all relevant times, Restaurex Defendants are an "employer" and an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

52.     At all relevant times, Defendant Abdou Hossny is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

53.     At all revenant times, Defendant Richard Koprivnjak is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

54.     At all revenant times, Defendant Paul Sarlis is an "employer" and is an "enterprise engaged in commerce" within the meaning of the FLSA, NYLL, and the regulations thereunder.

55.     The acts of Restaurex Defendants were authorized, directed or accomplished by Defendants Abdou Hossny, Richard Koprivnjak, and Paul Sarlis, by themselves or their agents, officer, employees, or representatives, while actively engaged in the management of Restaurex Defendants' business, including implementing employment and wage practices.

56.     Each Defendant, either directly or indirectly, has hired and fired Plaintiffs and other employees, controlled the work schedule and employment conditions, determined payment rate, and kept at least some records regarding Plaintiffs' employments.

## STATEMENT OF FACTS

### Plaintiffs' Employments

57.     Restaurex Defendants own and operate the Subway Restaurant, a quick-service restaurant located at 2508 Broadway, New York, New York 10025.

58.     Subway is open every day of the week for breakfast, lunch, and dinner service.

59.     On any given day, Defendants scheduled about eight employees per shift.

*Plaintiff Khaled Hachemi*

60.     Plaintiff Hachemi commenced employment at Subway on or about March 1, 2017.

61.     Defendants employed Plaintiff Hachemi at Subway from March 2017 until he was terminated on or about September 28, 2020.

62.     Plaintiff Hachemi took customer orders, prepared sandwiches, made order deliveries, cleaned and swept the restaurant and bathroom, and stocked supplies.

63.     At all times relevant, Plaintiff Hachemi provided non-exempt services at Subway.

64.     Plaintiff Hachemi was scheduled to work from 5:00PM to 1:30AM for six days per week, Monday through Friday and Sunday at the Subway location noted above.

65.   Defendants compensated Plaintiff Hachemi at an hourly rate of $10.50 between the date his employment commenced until October of 2019.

66.   Beginning in October 2019, Plaintiff Hachemi was compensated at a rate of $12.00 per hour.

67.   Beginning in December 2019, Plaintiff Hachemi was compensated at a rate of $15.00 per hour.

68.   Plaintiff Hachemi was compensated in cash for the years 2017 and 2018.

69.   Plaintiff Hachemi worked on average 51 hours per week, without meal breaks during his shift.

70.   At all times relevant, Defendants failed to compensate Plaintiff Hachemi the minimum wage and overtime premiums.

71.   Plaintiff Hachemi complained to Defendants that he was not receiving the proper pay for the hours worked over forty (40) in any given workweek.

72.   Plaintiff Hachemi complained to Defendants that he was not receiving at least the minimum wage during the relevant times.

73.   Plaintiff Hachemi further complained that he was being discriminated in this manner based on his immigration status. In response, Defendant Hossny threatened Plaintiff Hachemi about his alienage and citizenship status and terminated Plaintiff's employment in violation of NYC Admin. Code 8-101 et seq.

74.   Plaintiff Hachemi's employment was terminated in retaliation and based on his alienage and citizenship status on September 28, 2020, immediately after the aforementioned complaints.

*Plaintiff Ruben Gonzalez*

75.   Plaintiff Gonzalez commenced employment at Subway on or about August 2015.

76.   Defendants employed Plaintiff Gonzalez at Subway from August 2015 until he was terminated on or about December 4, 2020.

77.   Plaintiff Gonzalez took customer orders, prepared sandwiches, made order deliveries, cleaned and swept the restaurant and bathroom, and stocked supplies.

9

78.     At all times relevant, Plaintiff Gonzalez provided non-exempt services at Subway.

79.     Plaintiff Gonzalez was scheduled to work from six to seven days per week, working up to 70 hours or more hours per week, at the Subway location noted above.

80.     Defendants compensated Plaintiff Gonzalez at an hourly rate of Twelve Dollars ($12.00) per hour between the date his employment commenced until about November 2019, when Plaintiff Gonzalez's hourly rate was increased to Fifteen Dollar ($15.00) per hour.

81.     Plaintiff Gonzalez was compensated in cash from the commencement of his employment in August of 2015 until November of 2019.

82.     Plaintiff Gonzalez worked 70 or more hours per week without meal breaks or spread of hours pay during his daily shifts while working at Subway.

83.     Plaintiff Gonzalez never received compensation at the overtime premium for any hours over forty (40) that he worked in any given week.

84.     Plaintiff Gonzalez complained to Defendants that he was not receiving the proper pay for the hours worked over forty (40) in any given workweek.

85.     Plaintiff Gonzalez complained to Defendants that he was not receiving at least the minimum wage during the relevant times.

86.     Plaintiff Gonzalez's employment was terminated on December 4, 2020 by Defendant Paul Sarlis.

87.     That at all times relevant, Plaintiff Gonzalez was discriminated and terminated in retaliation and based on his alienage and citizenship status in violation of NYC Admin. Code 8-101 et seq.

*Plaintiff Juan Elias Mercedes*

88.     Plaintiff Mercedes commenced employment at Subway in 2003.

89.     Defendants employed Plaintiff Mercedes at Subway from September 2003 until he was terminated on or about December 4, 2020.

90.     Plaintiff Mercedes took customer orders, prepared sandwiches, made order deliveries, cleaned and swept the restaurant and bathroom, and stocked supplies.

91.     Plaintiff Mercedes was scheduled to work six days per week at the Subway location noted above.

92.     Plaintiff Mercedes consistently worked over forty hours per week.

93.     Plaintiff Mercedes worked 65 or more hours per week without meal breaks or spread of hours pay during his daily shifts while working at Subway.

94.     Defendants compensated Plaintiff Mercedes at an hourly rate of ten dollars ($10.00), increasing to twelve dollars ($12.00), between 2014 and 2020.

95.     On or about November 2019, Plaintiff Mercedes complained to Defendants that he was receiving below the minimum wage and requested a raise to the minimum wage.

96.     Plaintiff Mercedes's request was denied by Defendants; he continued to receive an hourly wage below the minimum wage.

97.     That at all times relevant, Defendants compensated Plaintiff Mercedes in cash for all the years of his employment.

98.     Plaintiff Mercedes complained to Defendants that he was not receiving the proper pay for the hours worked over forty (40) in any given workweek.

99.     Plaintiff Mercedes complained to Defendants that he was not receiving at least the minimum wage during the relevant times.

100.    Plaintiff Mercedes employment was terminated on December 4, 2020 by Defendant Paul Sarlis, after 17 years of hard work.

101.    That at all times relevant, Plaintiff Mercedes was discriminated and terminated based on his alienage and citizenship status in violation of NYC Admin. Code 8-101 et seq.

*Plaintiff Karim Ebdelli*

102.    Plaintiff Ebdelli commenced employment at Subway on or about April 2010.

103.    Defendants employed Plaintiff Ebdelli at Subway from April 2010 until he was terminated on or about December 4, 2020.

104.    Plaintiff Ebdelli took customer orders, prepared sandwiches, made order deliveries, cleaned and swept the restaurant and bathroom, and stocked supplies.

105.    At all times relevant, Plaintiff Ebdelli provided non-exempt services at Subway.

106.    Plaintiff Ebdelli was scheduled to work about six days per week at the Subway location noted above.

107.    Defendants compensated Plaintiff Ebdelli at an hourly rate of Thirteen Dollars ($13.00) between the date his employment commenced until November of 2019.

108.    Beginning in November 2019, Plaintiff Ebdelli was compensated at a rate of $18.00 per hour.

109.    Plaintiff Ebdelli was compensated in cash and check for the years of 2010 through November 2019.

110.    Beginning in 2019, Plaintiff Ebdelli was compensated solely by check from Defendants.

111.    Plaintiff Ebdelli worked more than 60 hours per week without meal breaks and spread of hour pay during daily shifts.

112.    Plaintiff Ebdelli complained to Defendants that he was not receiving the proper pay for the hours worked over forty (40) in any given workweek.

113.    Plaintiff Ebdelli complained to Defendants that he was not receiving at least minimum wage during the relevant times.

114.    Plaintiff Ebdelli's employment was also terminated on December 4, 2020 by Defendant Paul Sarlis, along with the other Plaintiffs, based on Defendants' discriminatory conduct in terminating employees based on their alienage and citizenship status in violation of NYC

Admin. Code 8-101 et seq.

**Defendants' Willful Misclassification of Plaintiffs as Independent Contractors.**

115.    At all relevant times, Plaintiffs' primary duties encompassed taking customers' food and beverage orders and fulfilling those orders for the customers of the Defendants at Defendants' restaurant location in the State of New York.

116.    At all relevant times, Plaintiffs' duties included maintaining the cleanliness and tidiness of the restaurant, which includes cleaning bathrooms, mopping floors, and other tasks to maintain a clean and orderly restaurant for Defendants' customers.

117.    At all relevant times, Plaintiffs performed their duties within the Defendants' restaurant location and subject to the same menu, common policies, and practices.

118.    At all relevant times, Plaintiffs were provided and required to wear Subway uniforms during their shifts.

119.    Defendant Richard Koprivnjak and Defendant Abdou Hossny are regularly at Restaurex Defendants' restaurant and instruct employees what to do, have the authority to hire and terminate employees, change their pay and pay schedules, and maintain records regarding employee hours worked and compensation.

120.    Defendants purported that Plaintiffs performed as independent contractors of the Defendants, even though the Defendants exerted significant and substantial control over Plaintiffs' duties.

121.    Defendants purported that Plaintiffs performed as independent contractors of the Defendants, even though the "economic reality" is that the Plaintiffs were an essential part of the Defendants' business and the Plaintiffs economically depended on their wages paid by the Defendants.

122.    At all relevant times, Defendants established and provided uniforms and work schedules to Plaintiffs.

13

123.   At all relevant times, Defendants required Plaintiffs to devote a minimum number of hours per day and/or week to perform their duties at the restaurant for the Defendants.

124.   At all relevant times, Defendants required Plaintiffs to report to one or more supervisors employed by Defendants.

125.   At all relevant times, Plaintiffs were "employees" of Defendants within the meaning of the FLSA and NYLL.

126.   At all relevant times, Defendants misclassified and compensated Plaintiffs as independent contractors.

127.   During all the relevant periods, Plaintiffs were not provided with W-2 forms.

128.   Plaintiffs were provided a 1099 form for Tax year 2019, indicating their incomes as independent contractors.

129.   Defendants knew or should have known that they had misclassified Plaintiffs based upon: 1) Defendants' pervasive control over the terms and conditions of Plaintiffs' performance of duties; 2) Defendants' experience in nationally managing restaurants and fast-food operations; and/or 3) the complaints by Plaintiffs regarding their classification as independent contractors.

**<u>Defendants' Illegal Wage and Corporate Policies</u>**

130.   Defendants paid Plaintiffs below the minimum wage.

131.   Despite the fact that Plaintiffs worked over forty (40) hours each week, Defendants did not pay them overtime premiums of one and one-half (1.5) their hourly rate.

132.   Defendants never informed Plaintiffs by way of the statutory wage statements or otherwise.

133.   Plaintiffs were harmed by the same corporate policies of Defendants, including failing to pay minimum wage for all hours worked, overtime premiums and spread-of-hour premiums and failing to provide wage statements and wage notices.

134.   Defendants did not provide Plaintiffs with proper wage notices at the time of hire or by

February 1 of each year.

135.   Defendants failed to provide accurate wage statements to Plaintiffs which reflected, among other information, all hours worked, including overtime hours, the regular and overtime pay rate(s) during the pay period.

136.   Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

### Defendants' Discrimination, Retaliation, and Termination of Plaintiffs Based on Their Alienage and Citizenship Status

137.   New York City is among the most diverse cities in the world wherein millions of immigrants have settled, built homes, communities, and labored in some of the most exhaustive positions.

138.   To protect such individuals from disparate and discriminatory treatment, the New York City Human Rights Law ("NYCHRL") prohibits discrimination on the basis of actual or perceived "alienage and citizenship status."

139.   Plaintiffs were repeatedly subjected to discriminatory comments and threats based on their alienage and citizenship status and ultimately terminated on the same day after over a decade of exhaustive and dedicated service with unfair compensation.

140.   Plaintiffs were repeatedly subjected to discriminatory comments based solely on their alienage and citizenship status.

141.   By way of one example, on or about September 2020, Defendant Abdou Hossny, threatened to "call immigration" on Plaintiff Hachemi if he did not comply with his orders or complained about his wages.

142.   Defendant Hachemi continually complained to Defendants that he was being treated unfairly due to his alienage and citizenship status.

143.   Thereafter, co-Plaintiffs supported Plaintiff Hachemi's complaints regarding the discriminatory treatment based on their alienage and citizenship status and improper wages.

144.    On or about December 4, 2020, Defendant Paul Sarlis met with Plaintiffs Gonzalez, Mercedes, and Ebdelli at the Subway location.

145.    On that date, Defendant Paul Sarlis terminated all of their employment based on their alienage, and citizenship status in violation of NYC. Admin. Code. 8-101 et seq.

146.    Plaintiffs Gonzalez, Mercedes, and Ebdelli were among the employees that were unlawfully terminated on or about December 4, 2020.


## COUNT I
## FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE
### (Brought on Behalf of all Plaintiffs)

147.    Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

148.    By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq*. including 29 U.S.C. §§ 206 and 215(a)(2).

149.    Defendants' failure to pay minimum wages for all hours worked caused Plaintiffs to suffer loss of wages and interest thereon. Therefore, Plaintiffs are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).


## COUNT II
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of All Plaintiffs)

150.    Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

151.    By failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants violated and continue to violate the FLSA, 29 U.S.C. §§201 *et. seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

152.  Defendants' failure to pay overtime caused Plaintiffs to suffer loss of wages and interest thereon. Therefore, Plaintiffs are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## COUNT III
## FAIR LABOR STANDARDS ACT – RETALIATION
### (Brought on Behalf of All Plaintiffs)

153.  Plaintiffs hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

154.  The FLSA 29 U.S.C. §201 (a)(3), provides that it is a violation for any person to "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter. . ."

155.  During the course of Plaintiffs' employment, Plaintiffs complained to Defendants regarding being improperly classified as an independent contractor and not receiving the appropriate compensation as required under the FLSA.

156.  Thereafter, Defendants discharged Plaintiffs and terminated their employment in violation of FLSA.

157.  Defendants' termination of Plaintiffs' employment caused Plaintiffs to suffer loss of wages and interest thereon.

## COUNT IV
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
### (Brought on Behalf of All Plaintiffs)

158.  Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

159.  Defendants willfully violated Plaintiffs' rights by failing to pay minimum wage for all hours

17

worked, in violation of the NYLL and the regulations promulgated thereunder.

160.   Defendants' failure to pay minimum wage for all hours worked caused Plaintiffs to suffer loss of wages and interest thereon. Therefore, Plaintiffs are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) *et seq.*

## COUNT V
## NEW YORK LABOR LAW – UNPAID OVERTIME
### (Brought on Behalf of All Plaintiffs)

161.   Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

162.   Defendants willfully violated Plaintiffs' rights by failing to pay overtime at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours each week, in violation of the NYLL and the regulations promulgated thereunder.

163.   Defendants' failure to pay overtime caused Plaintiffs to suffer losses of wages and interest thereon. Therefore, Plaintiffs are entitled to recover from Defendants their overtime wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§663(1) *et seq.*

## COUNT VI
## NEW YORK LABOR LAW – RETALIATION UNDER NYLL § 215
### (Brought on Behalf of All Plaintiffs)

164.   Plaintiffs hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

165.   During the course of Plaintiffs' employments, Plaintiffs complained to Defendants regarding being improperly classified as independent contractors and not receiving the appropriate compensation as required under the NYLL.

166. Thereafter, Defendants discharged Plaintiffs and terminated their employment in violation of NYLL § 215.

167. Defendants' termination of Plaintiffs' employment caused Plaintiffs to suffer losses of wages and interest thereon.

### COUNT VII
### NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS
### (Brought on Behalf of All Plaintiffs)

168. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

169. Defendants willfully violated Plaintiffs' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where Plaintiffs worked either a split shift or more than ten (10) hours per day, in violation of NYLL §§650 *et. seq.,* and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs, tit. 12, §§137*1.7(2010), 146-1.6(2012).

170. Defendants' failure to pay spread-of-hours compensation caused Plaintiffs to suffer losses of wages and interest thereon. Plaintiffs are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action.

### COUNT VIII
### NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICE
### (Brought on Behalf of All Plaintiffs)

171. Plaintiffs hereby repeat and reallege the preceding paragraphs as though they were fully set forth herein.

172. Defendants willfully failed to supply Plaintiffs notice as required by Article 6, § 195 containing Plaintiffs' rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other: hourly rate or rates of pay and overtime rate or rates of pay;

19

regular pay day designated by the employer in accordance with NYL, Article 6, §191; the name of the employer, or any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer plus such other information as the commissioner deems material and necessary.

173.   Due to the Defendants' violations of the NYLL, Plaintiffs are entitled to recover from Defendants fifty dollars ($50) per employee for each workweek that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided under NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

<b>COUNT IX<br>
CIVIL DAMAGES FOR<br>
FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a).<br>
(Brought on Behalf of All Plaintiffs)</b>

174.   Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

175.   By failing to provide Plaintiffs with accurate IRS Form W-2s for all of the tax years during which Plaintiffs were employed by Defendants, and failing to properly record, account for, and report to the IRS all monies actually earned and paid to Plaintiffs for all of the work Plaintiffs performed during the course of their employment with the Defendants, and failing to properly report correct amounts on W-2 forms as monies withheld, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. §7434.

176.   Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

## COUNT X
## DISCRIMINATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
### (Brought on Behalf of All Plaintiffs)

177.    Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

178.    Defendants have discriminated against Plaintiffs in violation of New York City Administrative Code § 8-101 *et seq.*, by subjecting Plaintiffs to discriminatory treatment on the basis of their citizenship status.

179.    Defendants have discriminated against Plaintiffs by treating them differently from and less preferably than similarly-situated employees that are United States citizens and by subjecting Plaintiffs to discriminatory termination and other forms of discrimination, in violation of the New York City Human Rights Law.

180.    As a direct result of Defendants' conduct alleged in this complaint, Plaintiffs have suffered and continue to suffer harm, including, but not limited to lost earnings, lost benefits, lost future employment opportunities, and other financial loss, the precise amount of which will be determined according to proof at the time of trial.

181.    As a further and direct result of Defendants' conduct alleged in this complaint, Plaintiffs have suffered and continue to suffer emotional distress and other non-economic damage, including, but not limited to worry, anxiety, and other symptoms of emotional distress, the precise amount and extent of which will be determined according to proof at the time of trial.

## COUNT XI
## RETALIATION IN VIOLATION OF NEW YORK CITY HUMAN RIGHTS LAW
### (Brought on Behalf of All Plaintiffs)

182.    Plaintiffs hereby repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

183.   The New York City Administrative Code Title 8, § 8-107(1) (e) provides that it shall be an unlawful retaliatory practice: "For an employer… to discharge… or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter…"

184.   The aforesaid acts of intentional retaliation against Plaintiffs by Defendants, its officers, directors, supervisors, managers and/or employees, including Defendants Hossny and Sarlis violated Plaintiffs' rights provided under New York City Human Rights Law – Title 8 ("NYCHRL"), *et. seq.*

185.   As a consequence of the foregoing conduct by Defendants, Plaintiffs have sustained and continue to sustain conscious pain and suffering, physical injury, great mental distress, shock, fright and humiliation. In addition, Plaintiffs has incurred and continues to incur monetary economic loss as they were subjected to adverse employment action, including the termination of employment.

186.   That as a direct result of the foregoing misconduct of Defendants, Plaintiffs are entitled to compensatory damages and punitive damages in the sum prescribed by NYC Human Rights Law Title 8 *et. seq*. as well as costs of this litigation and attorneys' fees.

## COUNT XII
## NEW YORK STATE COMMON LAW
### (Brought on Behalf of All Plaintiffs)

187.   Plaintiffs repeat and reallege each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

188.   By Defendants misclassifying Plaintiffs as independent contractors, Defendants relieved themselves of their obligation under Federal tax law to pay payroll taxes on wages earned by Plaintiffs for Social Security and Medicare.

189.   By misclassifying Plaintiffs as independent contractors, Defendants required Plaintiffs to assume Defendants' obligations to pay Federal payroll taxes on wages earned by Plaintiffs.

190.   Defendants benefited from misclassifying Plaintiffs as independent contractors.

191.   As a result, Defendants have been unjustly enriched.

192.   Plaintiffs have been damaged as a result of Defendants' conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

193.   A declaratory judgment that practices complained of herein are unlawful under the FLSA and NYLL;

194.   An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

195.   An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to FLSA and the NYLL and supporting regulations;

196.   An award of liquidated damages and interest for non-payment of minimum wages and overtime compensation under FLSA and NYLL and supporting regulations;

197.   An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten (10) hours;

198.   An award of fifty ($50) dollars per Plaintiff for each day that the violations of NYLL, Article 6, § 195(1) pertaining to distribution of wage notice, occurred or continued to occur, or a total of five thousand dollars ($5,000) per Plaintiff as provided for by NYLL Article 6, §198(1-b);

199.   An award of two hundred fifty dollars ($250) per Plaintiff for each day that violation of NYLL, Article 6 § 195(3), pertaining to distribution of wage statements, occurred or continue to occur,

or a total of five thousand dollars ($5,000) per Plaintiff as provided for by NYLL, Article 6 §198(1-d);

200.    An award to Plaintiffs pursuant to claims under NYC Admin Code Code 8-101 et seq. and NYLL § 215 for the conduct complained herein as Plaintiffs have suffered and will continue to suffer the loss and/or partial loss of a career and the loss and/or partial loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses, pecuniary losses, emotional pain, suffering, inconvenience, injury to reputation, attorney's fees, and other non-pecuniary losses;

201.    An award of pre-judgment and post-judgment interest;

202.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees;

203.    An award of damages resulting from additional tax debt and additional time and expenses associated with any necessary tax correction; and

204.    Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury on all questions of fact the Complaint raises.


Dated: December 16, 2020
       New York, New York

                                                    **EMRE POLAT, PLLC**
                                                    EMPLOYMENT ATTORNEYS

                                                    /s/ *Emre Polat*
                                                    _____
                                                    Emre Polat, Esq. (EP6063)
                                                    45 Broadway, Suite 1420
                                                    New York, New York 10006
                                                    (212) 480-4500
                                                    *Attorneys for Plaintiffs*