```
Case 1:20-cv-10611-JLC   Document 66   Filed 07/13/21   Page 1 of 3
```

```
                                                USDC SDNY
                                                DOCUMENT
                                                ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                    DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                   DATE FILED: 7/13/2021
```

------------------------------------------------------------X
KHALED HACHEMI et al.,                          :
                                                :
                    Plaintiffs,                 :
                                                :           **ORDER**
      -v-                                       :
                                                :           20-CV-10611 (JLC)
RESTAUREX AMERICORP INC. et al.                 :
                                                :
                    Defendants.                 :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 63) and have now submitted a joint "fairness letter" (Dkt. No. 64) and a fully executed settlement agreement (Dkt. No. 64-1) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted). Moreover, given Defendants' (and Third-Party Defendants') financial situation as a result of the COVID-19 pandemic, the "potential difficulty in collecting damages militates in favor of finding a settlement reasonable." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013). *See also Hart v. RCI Hosp. Holdings, Inc.*, No. 09-CV-3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant

1

"risk that plaintiffs would not be able to collect, or fully collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint fairness letter submitted by the parties as well as the proposed settlement agreement, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorneys' fees and costs as one-third of the settlement amount) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)).[1] While the release terms are very broad (in ¶3 of the Settlement Agreement), they appear to be mutual in all respects as the same language is used in setting forth the scope of the release agreed to by Plaintiffs, Defendants, and the Third-Party Defendants. *See Souza*, 2015 WL 7271747, at *5 ("[T]he Court is willing to approve the release terms of the settlement in this case, with the modification that the release be *mutual* in all respects. A mutual release will ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes"); *but see Rivera v. Relay Delivery, Inc.,* 17-CV-5012 (JLC), 2018 WL 1989618, at *1 (S.D.N.Y. Apr. 26, 2018) (release broader and

---

[1] Notably, Plaintiffs' counsel is to be applauded for front-loading the payments to his clients under the agreed-upon schedule (in ¶1 of the Settlement Agreement) so that they are entirely paid in the initial payout of the settlement.

thus more favorable to defendants than plaintiff's narrower release was impermissible).

Accordingly, the proposed settlement is hereby approved. The parties are directed to submit their fully-executed stipulation and order of dismissal within 10 days of the date of this Order. If the parties fail to do so, the Court will direct the Clerk to close this case at that time.

The Clerk is respectfully directed to close Docket No. 64 and mark it as "granted."

**SO ORDERED.**

Dated: July 13, 2021
New York, New York

_____
JAMES L. COTT
United States Magistrate Judge